PER CURIAM:
In November 1984 claimant company entered into a Purchase Order dated December 3, 1984, to print a magazine, "The Get-Away Guide," for the respondent State agency. The Court, on its own motion, amended the style of.the claim designating the Governor's Office of Community and Industrial Development as the proper party respondent. The cost of paper for the publication of the magazine was substantial. There were *138 delays in printing the magazine for which the claimant alleges that it lost interest on the monies expended for the paper. The amount of the interest, $1,063.20, together with $351.90 for extra work performed in the printing of the magazine, constitutes the basis of this claim. The respondent admits the portion of the claim for the extra work in the amount of $351.90, but denies liability for the interest charges.
Bill Watkins, a representative of the claimant company, testified that he was informed that his company was to be awarded the printing job in November 1984. Shortly thereafter, he was informed by an employee of the respondent, Steve Scott, that the Governor's Office requested that the printing job be put "on hold." This request was made due to the pending changes in the administration. Mr. Watkins represented to Mr. Scott that there would be a cost for interest on the money the claimant company borrowed to purchase the necessary paper for the job. At that time, in January 1985, he estimated that the interest would be in the amount of $500.00 or $600.00.
The claimant company agreed to honor the bid rather than rebidding the job. The agreement made was for an original contract of $87,000 and a change order. There was an original purchase order issued and approved. However, the change order pertaining to the matter of the interest was not approved by the Department of Finance and Administration.
Tom Pendleton, an employee of the respondent, testified that there was a change order issued on October 1, 1985, in the amount of $1,415.10 to cover the extra work and the interest.
West Virginia Code §14-2-12 provides that .... "In determining the amount of a claim, interest shall not be allowed unless the claim is based upon a contract which specifically provides for the payment of interest." The statutory authority is very clear regarding this matter. There is no provision for interest in the Purchase Order. Therefore the Court makes an award in the amount of $351.90, which amount has been admitted by the respondent, and disallows the amount of the claim for interest.
Award of $351.90.